IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO PEREZ, | : | |
|    Plaintiff | : | No. 1:22-cv-01087 |
| | : | |
|    v. | : | (Judge Rambo) |
| | : | |
| SUPERINTENDENT KEVIN RANSOME, et al., | : | |
|    Defendants | : | |

**ORDER**

**AND NOW**, on this 21st day of November 2022, upon consideration of pro se Plaintiff Francisco Perez ("Plaintiff")'s complaint (Doc. No. 1), motion for leave to proceed in forma pauperis (Doc. No. 2), and prisoner trust fund account statement (Doc. No. 3), and in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, and his complaint (Doc. No. 1) is **DEEMED** filed;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

  b. The average monthly balance in the inmate's prison account for the past six months.

The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number.  In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid.  Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution where Plaintiff is presently confined;

5. Plaintiff's complaint is **PARTIALLY DISMISSED** as follows:

  a. Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claims against Defendants State Correctional Institution Dallas Medical Department and Bureau of Health Services are **DISMISSED WITH PREJUDICE**;

  b. Plaintiff's Fourteenth Amendment due process claim based upon his request for copies of his medical records is **DISMISSED WITH PREJUICE**;

  c. Plaintiff's Section 1983 claims against Defendant Johnson and Johnson Incorporated are **DISMISSED WITHOUT PREJUDICE**;

  d. Plaintiff's Eighth Amendment claims against Defendants Deboer and Woolfolk are **DISMISSED WITHOUT PREJUDICE**;

  e. Plaintiff's Eighth Amendment claims against Defendants Martin, Ransome, and Bohinksi are **DISMISSED WITHOUT PREJUDICE**;

      f. Plaintiff's state law claim for fraud is **DISMISSED WITHOUT PREJUDICE**;

6. Plaintiff is permitted to proceed on the following claims in his complaint: his Eighth Amendment claim against Defendant Prince; his state law medical malpractice claims against Defendants Prince, Jane Doe (1), and Jane Doe (2);

7. Plaintiff is **GRANTED** leave to file an amended complaint. Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order;

8. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form. Plaintiff shall title that complaint form "Amended Complaint" and shall include the docket number for this case, 1:22-cv-01087;

9. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by the Court in its accompanying Memorandum. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint because the amended complaint will supersede the original complaint. See Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (stating that "an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity"). Accordingly, Plaintiff's amended complaint must also set forth the following claims in his amended complaint: his Eighth Amendment claim against Defendant Prince; and his state law medical malpractice claims against Defendants Prince, Jane Doe (1), and Jane Doe (2).

10. The Court will defer service of the complaint for thirty (30) days. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within the thirty (30) days, the Court will direct service of the original complaint upon Defendants Prince, Jane Doe (1), and Jane

Doe (2), and Plaintiff's original complaint will proceed with respect to his Section 1983 claims, asserting a violation of the Eighth Amendment, and his state law claims of medical malpractice.

s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge
